IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |  |
|---|---|---|
| Russell Brantley, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv1424 (GBL/IDD) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed pro se by Russell Brantley, a Virginia inmate. Petitioner challenges the constitutionality of his conviction of grand larceny and other offenses following a jury trial in the Circuit Court for the City of Suffolk. After respondent moved to dismiss the petition, Brantley was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a response. After careful consideration, for the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I. Background

On October 22, 2012, a jury in the City of Suffolk found petitioner guilty of grand larceny, possession of burglary tools, entering the premises of another to commit property damage, and tampering with a vehicle. Case Nos. CR030011443-01, CR12000602-00 through CR12000605-00. He received a total sentence of nine (9) years incarceration. Pet. at 1. The facts underlying the convictions were described by the Court of Appeals of Virginia as follow:

> On the evening of January 29, 2012, two Suffolk County police officers went to the premises of an automobile restoration business owned by Robert Copeland. As the officers approached on foot, they heard the sound of metal being dragged or cut. The sound came from the rear area of the lot where the vehicles were parked. They saw a person on the side of a blue van that was close to a car. The officers ordered the person, whom they identified as appellant, to show his hands. Appellant tossed a hacksaw to the side. On the ground nearby was an unzipped bag containing a pipe cutter, bolt cutter, hacksaw blades, hammer, pliers, and wire cutters. Copeland had not left tools on the ground at his business. Leaning against the blue van were exhaust pipes and catalytic converters that had been removed from a vehicle that Tony Mayo had left on Copeland's property for repair. Copeland testified that he noted on January 28, 2012 that the exhaust system on Mayo's vehicle was intact. Copeland, who was familiar with the value of automobile parts, testified that the catalytic converters and attached piping were worth more than $200.
>
> Testifying in his own behalf, appellant said he was on the premises to search the garbage cans for recyclable materials. He denied damaging Mayo's vehicle or possessing the hacksaw. Appellant had three prior felony convictions.

Brantley v. Commonwealth, R. No. 0089-13-1 (Va. Ct. App. Jul. 17, 2013), slip op. at 1-2.

Brantley prosecuted a direct appeal, raising claims that (1) the evidence was insufficient to sustain the convictions, and (2) the court erred in revoking a suspended sentence. A judge denied the petition for appeal on July 17, 2013, Brantley v. Commonwealth, supra, and a three-judge panel reached the same result on October 4, 2013. Petitioner sought further review by the Supreme Court of Virginia, and his petition was refused on March 21, 2014. Brantley v. Commonwealth, R. No. 131658 (Va. Oct. 4, 2013).

Brantley next turned to the federal forum and timely filed the instant application for §

2254 relief on October 22, 2014,[1] reiterating the claim that the evidence was insufficient to sustain the conviction of grand larceny. On January 7, 2015, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief. Petitioner filed a response on January 27, 2015. Accordingly, the petition is now ripe for disposition.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certified that he placed the petition in the prison mailing room on October 22, 2014. Pet. at 15.

decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

Petitioner makes the sole claim that the evidence was insufficient to sustain his conviction of grand larceny because it did not prove that the value of the stolen property exceeded $200, the threshold for a charge of grand larceny under Virginia law.[2] The trial record reflects that Tony Mayo owned a 1999 Dodge automobile which he left at Worth Restorations for mechanical work. (T. 141-42). The vehicle contained an exhaust system consisting of two catalytic converters in a "Y" configuration leading to a single muffler. Id. When the vehicle was left at the Worth Restorations, the exhaust system was intact. (T. 145)

The owner of Worth Restorations, Mr. Copeland, testified that he saw the exhaust system intact and attached to Mayo's car on January 28, 2012. (T. 173). There were no items leaning against the blue van that was parked behind the car. (T.154) When the police came to Copeland's business to investigate a report of a suspicious person on the night of January 29, 2012, they found the Y-shaped exhaust pipe that had been cut from Mayo's car leaning against the blue van. (T. 182) Mayo had been working on cars for "[a]bout 20 years, 25 years or more," and he was familiar with value of auto parts. (T. 154). He testified that in his opinion, the catalytic converters and attached piping were worth more than $200 when they were stolen.

---

[2]On direct appeal, petitioner challenged the sufficiency of the evidence on the grounds that it failed to prove both that he was the perpetrator of the crimes and that the value of the stolen property exceeded $200. He repeats only the latter contention here. The respondent acknowledges that the claim at issue was properly exhausted in the state forum. Resp. ¶ 6; see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

(T.155).

In its opinion affirming petitioner's conviction, the Court of Appeals found that "[t]he evidence also proved beyond a reasonable doubt that the value of the catalytic converters and attached piping was more than $200. Accordingly, the evidence was sufficient to sustain the convictions." Brantley v. Comm., supra, slip op. at 2. Because this was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

It is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th

Cir. 1995). Instead, a federal court is bound by credibility determinations made by the state court trier of fact. <u>United States v. Arrington</u>, 719 F.2d 701, 704 (4th Cir. 1983).

Here, pursuant to these authorities, this Court must defer to the state appellate court's determination that the evidence in the form of Mr. Copeland's testimony "proved beyond a reasonable doubt that the value of the catalytic converters and attached piping was more than $200." <u>Arrington</u>, 719 F.2d at 704. That being so, the decision to convict petitioner of grand larceny was rational. <u>Herrera</u>, 506 U.S. at 402. Petitioner's argument in his response to the Motion to Dismiss (Docket # 11) amounts to no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. Accordingly, because the state court's rejection of petitioner's contention that the evidence was insufficient to support the grand larceny conviction was factually reasonable and in accord with applicable federal principles, <u>Jackson</u>, <u>supra</u>, that result may not be disturbed here. <u>Williams</u>, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 30th day of April 2015.

Alexandria, Virginia

Claude M. Hilton
USDJ